UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RONALD LASLEY,                      :
                                    :
          Petitioner,               :    Civ. No. 15-3535 (NLH)
                                    :
     v.                             :    OPINION
                                    :
JORDAN R. HOLLINGSWORTH,            :
                                    :
          Respondent.               :
_____:

APPEARANCES:
Ronald Lasley, #11601-031
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner, pro se

HILLMAN, District Judge

     Petitioner, Ronald Lasley, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging a sentencing enhancement. For the reasons that follow, this Court determines that it is without jurisdiction to consider this matter and the Petition will be dismissed.

I.   BACKGROUND

     According to the allegations of the Petition, Petitioner was convicted and sentenced on March 23, 2009 in the United States District Court for the District of Kansas. See United States v. Lasley, No. 02-cr-20067-2 (CM) (D. Kan.). A review of

1

the criminal docket in that case indicates that Petitioner was convicted on two drug counts: Conspiracy To Distribute And Possess With Intent To Distribute More Than Five Kilograms Of Cocaine, And To Manufacture, Distribute, And Possess With Intent To Distribute More than 50 Grams Of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(iii), 846 and 18 U.S.C. § 2; and also of Attempt To Possess With Intent To Distribute Five Kilograms Or More Of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), 846 and 18 U.S.C. § 2. Judgment at 2, United States v. Lasley, No. 02-cr-20067-2 (CM) (D. Kan. Mar. 24, 2009) (ECF No. 97).  He was sentenced to 235 months' imprisonment. Id. at 3.

Petitioner entered into a post-conviction agreement with the government in which he agreed to waive his right to appeal or collaterally attack any matter in connection with prosecution, conviction, or the components of the sentence to be imposed.[1]  Despite this agreement, Petitioner appealed, see United States v. Lasley, 331 F. App'x 600, 601 (10th Cir. 2009), and argued that his sentence was based on the impermissible factor of his race.  The Tenth Circuit Court of Appeals found that it would not be a miscarriage of justice to enforce

---

[1] This agreement is sealed. See Sealed Order and Post-Conviction Agreement, United States v. Lasley, No. 02-cr-20067-2 (CM) (D. Kan. Mar. 28, 2008) (ECF No.61).

2

Petitioner's appeal waiver and the appeal was dismissed on June 15, 2009. Id. at 603.[2]

In addition, Petitioner's sentence was twice reduced upon Petitioner's motions for reductions pursuant to 18 U.S.C. § 3582(c)(2).  First, on December 2, 2011, his sentenced was reduced from 235 months to 188 months. Order Regarding Motion for Sentence Reduction, United States v. Lasley, No. 02-cr-20067-2 (CM) (D. Kan. Dec. 2, 2011) (ECF No. 116).  Most recently, on February 10, 2015, his sentence was reduced again from 188 months to 151 months, comparably less than the amended guideline range. Order Regarding Motion for Sentence Reduction, United States v. Lasley, No. 02-cr-20067-2 (CM) (D. Kan. Feb. 10, 2015) (ECF No. 143).

Petitioner now brings this request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and asserts that the district court improperly calculated and applied a 2-point level weapon enhancement.  Specifically, Petitioner relies on United States v. McFarlane, 933 F.2d 898 (10th Cir. 1991), in support of his argument that "the government failed to establish that

---

[2] Petitioner also filed a motion for new trial, which was denied, United States v. Lasley, No. 07-20067-002-C, 2008 WL 191622 (D. Kan. Jan. 22, 2008); and a series of documents before the United States District Court for the District of Kansas, all of which were addressed in an Order dated February 24, 2014, United States v. Lasley, No. 07-20067-02-CM, 2014 WL 695392 (D. Kan. Feb. 24, 2014).

[he] possessed a firearm in the vicinity of the drug transaction." (Pet. 10, ECF No. 1). Petitioner denies knowing that a weapon was ever present at the drug transaction and he repeatedly contends that the Presentence Report ("PSR") contained no evidence or facts to support the allegation that a firearm was carried or used in connection with the drug transaction. Petitioner contends that, despite the lack of supporting evidence, the district court accepted the allegations in the PSR and this resulted in an improper guidelines range for sentencing. Id. at 11, 12.

Petitioner requests relief in the form of a correction to "the improperly applied weapon and relevant conduct enhancement." Id. at 13. He also requests an evidentiary hearing and recalculation of his sentence to 121 months' imprisonment. Id. Petitioner has also filed a Motion for the Appointment of Counsel. (ECF No. 1-2).

## II.  DISCUSSION

A. STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

4

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

B. JURISDICTION

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S. 946 (1993); see also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).

Here, Petitioner has asserted jurisdiction under 28 U.S.C. § 2241.  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is appropriately filed in the district where the prisoner is confined. Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

5

However, petitions filed under § 2241 are an appropriate mechanism for challenging — not the validity — but the execution of a sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990); Gomori, 533 F.2d at 874 (holding that petitions under § 2241 provide a remedy where prisoner challenges effect of events "subsequent" to his sentence on that sentence).

Here, Petitioner does not raise issues regarding the execution of his sentence, but instead collaterally challenges the validity of his sentence by alleging an improper sentence enhancement.  Thus, he does not raised a cognizable claim under § 2241 and this Court is without jurisdiction to consider the Petition. See Medina v. Zickefoose, No. 11-6752 (NLH), 2014 WL 6804438, at *2 (D.N.J. Dec. 3, 2014) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241) (citations omitted).

To the extent Petitioner asserts jurisdiction under § 2241 because a motion pursuant to § 2255 is "inadequate or ineffective," the Court notes that a petitioner may resort to a section 2241 petition "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." Cradle v. U.S. ex rel. Miner,

6

290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (citations omitted); see also 28 U.S.C. § 2255(e).  Moreover, the Third Circuit in In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), indicated that this "safety valve" is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251).

In this case, Petitioner has not cited to any intervening change in substantive law which would render Petitioner's conduct non-criminal.  Additionally, Petitioner states that he has not previously filed a motion under 28 U.S.C. § 2255. (Pet. 6, ECF No. 1).  A review of filings in the District of Kansas confirms that no such petition has been filed.  Accordingly, § 2255 is not an inadequate or ineffective remedy for Petitioner's claim and Petitioner fails to show that he falls within the "safety valve" which would give this Court jurisdiction over his Petition.

Although Petitioner should be mindful of the one-year limitations period applicable to petitions filed under § 2255, see 28 U.S.C. § 2255(f), nothing in this Opinion precludes Petitioner from filing such a petition in the District of

7

Kansas. See 28 U.S.C. § 2255 (jurisdiction for motions filed under § 2255 properly lies with the sentencing court).

### III. CERTIFICATE OF APPEALABILITY

Because this Petition is filed under § 2241, no certificate of appealability is necessary. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### IV. CONCLUSION

For the reasons set forth above, this Petition is dismissed for lack of jurisdiction. In light of the dismissal, Petitioner's application for pro bono counsel is denied as moot.

An appropriate Order follows.

                                            ___s/ Noel L. Hillman_____
                                            NOEL L. HILLMAN
                                            United States District Judge

Dated: June 12, 2015
At Camden, New Jersey